## Riehl v. Sunbury Community Hospital

This action was commenced by the filing of plaintiffs' complaint on March 1, 1978. Defendants, Sunbury Community Hospital and Dr. John D'Attoli (hereinafter original defendants) joined three

additional defendants; Charles Kuster, Robert F. Kuster and Selingsgrove Lodge, Loyal Order of the Moose No. 1173 (hereinafter Moose Lodge), on May 5, 1978. Additional defendant Robert F. Kuster filed preliminary objections to the complaint of the original defendants on May 30, 1978. Additional defendant Charles Kuster filed preliminary objections to the complaint of original defendants on June 2, 1978. Additional defendant Moose Lodge filed preliminary objections to the complaint of the original defendants on June 12, 1978. Additional defendant Robert F. Kuster filed a brief in support of his preliminary objections on June 16, 1978. The original defendants filed a brief in opposition to the preliminary objections of additional defendant, Robert F. Kuster, on June 26, 1978.

The preliminary objections presented by each of the additional defendants raise the same issues and we shall therefore rule upon them in a single opinion.

The question to be resolved is whether the Arbitration Panels for Health Care has subject matter jurisdiction over each of the additional defendants. An examination of the facts of this case in light of the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.101 et seq., (hereinafter act), and the Commonwealth Court opinion of Gillette v. Redinger, 34 Pa. Commonwealth Ct. 469, 383 A. 2d 1295 (1978), reveals that we have no jurisdiction over the additional defendants in this case.

The facts of the case briefly stated are that plaintiff Herbert Riehl was allegedly struck in the head by additional defendant, Charles Kuster, while additional defendant, Robert F. Kuster was holding said plaintiff thereby preventing his movement. At the time of the alleged incident all three parties

were patrons of the additional defendant, Moose Lodge. As a result of the alleged acts of the additional defendant, plaintiff required medical treatment. Said treatment resulted in the present malpractice action.

The original defendants, Sunbury Community Hospital and Dr. John D'Attoli are clearly "health care provider(s)" as defined by section 103 of the act, 40 P.S. § 1301.103, which defined a health care provider as:

". . . a primary health center or a person, corporation, facility, institution or other entity licensed or approved by the Commonwealth to provide health care or professional medical services as a physician, an osteopathic physician or surgeon, a podiatrist, hospital, nursing home, and except as to section 701(a), an officer, employee or agent of any of them acting in the course and scope of his employment."

The Arbitration Panels for Health Care have jurisdiction over the "health care providers" in this action pursuant to section 309 of the act, 40 P.S. § 1301.309:

"The arbitration panel shall have original exclusive jurisdiction to hear and decide any claim brought by a patient or his representative for loss or damages resulting from the furnishing of medical services which were or which should have been provided. The arbitration panel shall also have original exclusive jurisdiction to hear and decide any claim asserted against a nonhealth care provider who is made a party defendant with a health care provider."

The original defendants' claim then rests upon the extent to which we may exercise jurisdiction over a "nonhealth care provider" who has been

joined as an additional defendant. The pertinent provision, section 502 of the act, 40 P.S. §1301.502, provides:

"At any time up to the selection of the panel members, a party may join *any additional party who may be necessary and proper to a just determination of the claim.* The arbitration panel shall have jurisdiction over such additional parties whether they be health care providers or nonhealth care providers." (Emphasis supplied.)

A bare reading of this section of the act would make the original defendants' claim against the additional defendants appear meritorious; however, when section 502 is read in conjunction with the purpose of the act as set forth in section 102 of the act, 40 P.S. §1301.102, it becomes clear that the legislature intended that the act be applicable to "health care providers" as defined in section 103 of the act, and "nonhealth care providers" who perform some ancillary functions to the named "health care provider" defendant. An example of such an ancillary function would be the manufacture of drugs or surgical instruments. The additional defendants in their action clearly do not fall within the scope of "nonhealth care providers" as intended by the legislature and therefore are not proper parties to this action.

The very issue of which "nonhealth care providers" fall within our jurisdiction was litigated in Gillette v. Redinger, 34 Pa. Commonwealth Ct. 469, 383 A. 2d 1295 (1978). This case involved a situation markedly similar to that presently before the administrator. A "health care provider" attempted to join a "nonhealth care provider" (a young snowball-throwing tortfeasor) as an additional defendant. The administrator denied the joinder and

the Commonwealth Court affirmed, holding that the joinder of the additional defendant was not necessary to determine if one or more of the defendants was guilty of medical malpractice.

We therefore must sustain the preliminary objections of all the additional defendants in this action, and accordingly enter the following

## ORDER

And now, November 14, 1978, upon consideration of preliminary objections of additional defendants, Charles Kuster, Robert F. Kuster and Selingsgrove Lodge, Loyal Order of the Moose, No. 1173, the brief in support of preliminary objections filed by additional defendant Robert F. Kuster, and the brief in opposition to the preliminary objections filed by the original defendants, it is hereby ordered and decreed that the aforementioned preliminary objections are sustained and the original defendants' complaint against the additional defendants Charles Kuster, Robert F. Kuster and Selingsgrove Lodge, Loyal Order of the Moose, No. 1173, is dismissed.